## WOOD v. ATLANTA AND CHARLOTTE AIR-LINE RAILWAY COMPANY.

Where a Circuit judge thought the evidence greatly preponderated against the verdict, and that under the old practice of the Court of Appeals, a new trial would be granted, but that under our present constitution less authority over this matter was vested in the Circuit Courts, he underrated his power as a Circuit judge, and committed error of law in refusing a new trial.

Before PRESSLEY, J., Spartanburg, March, 1882.

The opinion fully states the case.

*Messrs. W. E. Earle, Duncan & Sanders,* for appellant.

*Messrs. J. S. R. Thomson, Bobo & Carlisle,* contra.

August 22d, 1883.   The opinion of the court was delivered by MR. JUSTICE MCGOWAN.   This was an action to recover damages for burning nine bales of cotton, alleged to have been caused by the negligence of the defendant company, at Gaffney City, in Spartanburg county.   This cotton was deposited near the railroad track, on a platform built by the town authorities, but had not been receipted for by the agent of the company when it was destroyed by fire.   Much testimony was offered, and the judge was requested to charge several points of law, which he did, rather favorably for the defendant corporation, but the jury found for the plaintiff the value of the cotton, $450.

Whereupon the defendant moved for a new trial, which the judge refused upon the following grounds: " In this case a motion is made for a new trial, on the ground that the preponderance of testimony was greatly on its side. That is my opinion, and under the practice of the Court of Appeals, under our old constitution, this must be regarded as a case in which that court would have granted a new trial. But I think the spirit of section 26, article IV., of the new constitution, restricts the powers of the present judges in matters of fact, and that a new trial now should not be granted, unless the testimony be very clearly against the verdict of the jury. The motion is therefore refused."

The defendant appealed to this court upon numerous exceptions, alleging errors to the charge, and in refusing to charge various points of law; but, from the view taken, it will be unnecessary to consider any of them, except the last four, which are as follows:   10. " Because his Honor, the presiding judge, erred in holding that section 26, article IV., of the constitution, restricts the powers of Circuit judges in granting new trials, when the verdict is against the preponderance of the testimony. 11. Because his Honor, the presiding judge, erred in holding that he had no right, under the constitution, to grant a new trial, notwithstanding the verdict was against ' the preponderance of the testimony.   12. Because his Honor, the presiding judge, erred in holding that he had no power to grant a new trial, notwithstanding this was a case in which the old Court of Appeals must have granted one.   13. Because his Honor, the presiding judge, erred in not granting a new trial."

If the Circuit judge had exercised his untrammeled judgment in refusing to grant the new trial moved for upon the ground of the preponderance of testimony, that judgment could not have been reviewed by this court. It would have been the final judgment of the officer appointed by the law as the appellate tribunal in such cases. *Steele* v. *Railroad Company*, 11 *S. C.* 591. But we think it was quite a different thing for the Circuit judge to refrain from exercising such judgment, in the view that he was restricted by the constitution from granting a

new trial for reasons for which new trials have usually been granted in the courts of law of this State.

Certain machinery has been adopted for the administration of justice, and although the single purpose is to secure to the citizen the protection of the law according to the very truth of the case, yet it consists of several separate and distinct parts, and to secure the purpose in view it is necessary that these parts should all act in harmony, each performing independently the functions assigned to it. A judgment is the compound result of law and facts, and if either element is wrong the result must be wrong. In cases tried by a jury, it is made the duty of the judge to announce the law; but it has been thought best that a jury of the vicinage, after hearing the law announced, should determine the facts, and in most cases render a general verdict, subject always to correction, in case of error of law, by appeal to this court, and in case of error of fact by the Circuit judge ordering a new trial.

Our present constitution, proceeding on the view that it is important in the trial of a jury case to keep the law and the facts distinct, does provide that "judges shall not charge juries in respect to matters of fact, but may state the testimony and declare the law." Article IV, section 26. This provision has received construction in several of our cases, and it has been held that "the real object of this clause is to leave the decision of all questions of fact to the jury exclusively, uninfluenced by any expression of opinion by the judge, whose position would naturally add great weight to any opinion he might express upon any question of fact arising in a case. The judge should carefully avoid expressing any opinion he may have formed from the facts, leaving it for the jury to draw their own conclusions unbiased by any impression which the testimony may have made upon the mind of the judge." *State* v. *White*, 15 *S. C.* 392.

But we do not regard this provision of the constitution, which relates merely to the occasion of the trial, and was intended to exclude the influence of the judge in moulding verdicts, as indicating a spirit which should restrict the powers of the judge in respect to the very important and independent duty intrusted to him of granting new trials in jury cases. Upon this latter sub-

ject, there is certainly no express inhibition in the constitution as to the sufficiency or insufficiency of evidence, and the legislature has expressly declared that: " The Circuit Courts shall have power to grant new trials in cases where there has been a trial by jury, for reasons for which new trials have usually been granted in courts of law of this State." *Gen. Stat.* (1882) § 2113. And section 286 of the code also provides that, " the judge who heard the cause may, in his discretion, entertain a motion to be made on his minutes to set aside the verdict and grant a new trial upon exceptions, or for insufficient evidence, or for excessive damages," &c.

There is no part of the whole machinery used in administering the law more important than this power to grant new trials in cases tried by a jury. When we consider the inexperience of juries, and their great power, not only to find what the facts are, but to apply them to the law, which is involved in the right to give a general verdict, we see at once that occasional mistakes may be made, and, in the interest of justice, it is absolutely necessary that there should be lodged somewhere the unrestricted power, not to mould verdicts by particular views of the facts, but simply to give the parties the right to be heard again before another jury. Without such power there can be no certainty or consistency in the administration of the law. As we understand it, this power exists in our system in full force and without restriction.

The inhibition in the constitution against the judge expressing his opinion of the facts to the jury on the trial, should have no effect whatever in restraining the exercise of the power to grant new trials, which is entirely independent of the restriction as to charging juries on the facts, and is possibly only the more necessary on account of that restriction which leave juries very much "a law unto themselves." This power, without restriction, has been lodged by the law in the Circuit judge, and this court has declared that it is error of law in him to decline to exercise it on the ground that he has not the right to do so. *Steele* v. *Railroad Company, supra.* It is not only the right of the Circuit judge, but his exclusive right. Neither the Supreme Court nor any other tribunal in the State possesses the power, and if he refuses to exercise it promptly on all proper occasions, this very import-

ant means of securing justice will be entirely lost. The law expressly makes it the duty of the Circuit judge to grant new trials "in cases where there has been a trial by jury, for reasons for which new trials have usually been granted in the courts of law of this State."

In this case the Circuit judge informs us "that in his opinion the evidence for the defendant greatly preponderated, and according to the practice of the old Court of Appeals in this State, that court would have granted a new trial." Under these circumstances we think that he underrated his power as Circuit judge, and committed error of law in refusing the motion of the defendant company for a new trial. *State* v. *David,* 14 *S. C.* 430.

The judgment of this court is, that the judgment of the Circuit Court be set aside and the case remanded for such further proceedings as may be deemed proper according to the conclusions herein announced.